CLOUTMAN *v.* BAILEY.

An action for deceit in the sale of standing timber, cannot be maintained for failure of the defendant's covenant as to title in his deed.

The rule in Shelley's case, if ever adopted in this state, has been abolished so far as it applies to devises of real estate.

CASE, for deceit in the sale of standing timber.   The alleged deceit consisted in representing that the defendant was the owner in fee of the land on which the timber was standing, when in fact he was the owner of a life estate only.   Facts found by a referee.

The land on which the timber stood was devised to the defendant for life, remainder to his heirs in fee. November 15, 1873, the defendant conveyed to the plaintiff, by warranty deed containing the usual covenants of warranty, all the timber standing on the land, one foot or more in diameter, with the privilege of removal within three years. The plaintiff entered the following winter and removed a portion of the timber. In 1879 the remainder-men sued the plaintiff for the timber taken off, and recovered judgment and execution, which he has paid. He has never received any compensation for the timber sold.

Both parties understood at the date of the conveyance that the defendant owned only a life interest in the farm, and that the defendant's heirs owned the remainder; but they were unlettered men, and ignorant of the law, and each in good faith believed that the defendant had the legal right to sell the trees named in his deed, because they were of such age and size that they had reached their maximum value. There was no wilful misrepresentation, fraud, or deceit on the part of the defendant in procuring the purchase, nor during any of the negotiations for the sale of the timber, unless the defendant's covenant of warranty constitutes deceit, as matter of law.

The court ordered judgment on the report for the defendant, and the plaintiff excepted.

*Barnard & Barnard* and *L. W. Fling*, for the plaintiff.

*Chase & Streeter* and *K. E. Dearborn*, for the defendant.

SMITH J. The defendant took a life estate in the land under the will. The rule in *Shelley's case*, if it was ever adopted in this state, has been abolished so far as it applies to devises of real estate. G. L., c. 193, s. 5.

The alleged deceit was, that the defendant represented that he was the owner in fee of the land on which the timber stood. The proof is, that both parties understood at the time of the conveyance that the defendant owned only a life estate in the land. Not only no wilful deceit is shown, but the plaintiff was not deceived as to the defendant's title. *Hoitt* v. *Holcomb*, 23 N. H. 535, 552; *Page* v. *Parker*, 40 N. H. 47, 69; *Newell* v. *Horn*, 45 N. H. 421.

*Exceptions overruled.*

STANLEY and BLODGETT, JJ., did not sit : the others concurred.