Strafford Probate Court,
No. 4919.

### IN RE WILFRED D. ALLAIRE ESTATE.

Argued May 2, 1961.

Decided May 31, 1961.

*Paul B. Urion,* administrator of the estate of Wilfred D. Allaire (by brief and orally), as *amicus curiae.*

KENISON, C. J. Questions relating to the distribution of an estate which turn on the construction of a will, trust instrument or deed may be certified by the probate court to this court. RSA 547:30. *In re Harrington Estate,* 97 N. H. 184; *In re Grondin Estate,* 98 N. H. 313, 315; *In re Woods Estate,* 102 N. H. 59. In this case the lawful distribution of the proceeds of the probate estate necessarily depends on the proper construction of the deed to Wilfred D. Allaire and Mable Allaire. The basic question therefore is whether this deed created a joint tenancy or a tenancy in common in the Allaires or a sole ownership in Wilfred D. Allaire.

While the administrator in the present case has no right to seek any particular construction of the deed in issue (*Bisson* v. *Gosselin,* 90 N. H. 273, 275) he does have the privilege of making useful suggestions to the court. *Blanchard* v. *Railroad,* 86 N. H. 263, 266. This practice of filing a brief *amicus curiae* by a party in a fiduciary position is one that we have sought to encourage particularly in nonadversary proceedings of this nature. *In re Grondin Estate,* 98 N. H. 313, 315. This court is not averse to wisdom in any form, from any source, and does not hesitate to accept the benefit of briefs by *amicus curiae* in the proper construction of deeds and wills. See Llewellyn, The Common Law Tradition — Deciding Appeals 323 (1960); Comment, The Amicus Curiae, 55 Nw. U. L. Rev. 469 (1960).

RSA 477:18, as did P. L., c. 213, s. 17, provides in part that a deed to two persons creates a tenancy in common rather than a joint tenancy "unless it shall be expressed therein that the estate is to be holden by the grantees . . . as joint tenants, or to them and the survivor of them, or unless other words are used clearly expressing an intention to create a joint tenancy." The objective of this statute " . . . is not to forbid or prevent the creation of estates in joint tenancy but to make certain that effect is given to the intention of the grantor." *Roaf* v. *Champlin,* 79 N. H. 219, 221. It has been the consistent practice in this jurisdiction to give effect to the intent of the draftsman even though it may not have been expressed in the most articulate way. *In re Lathrop Estate,* 100 N. H. 393. "If the intent to create a right of survivorship is expressed, it is to be given effect." *Burns* v. *Nolette,* 83 N. H. 489, 496. Written instruments in this state are construed liberally to effectuate their intent even though the end product may not be a model form. *Therrien* v. *Therrien,* 94 N. H. 66; Basye, Clearing Land Titles, s. 278, note 16 (1953). The technical common-law

rules of construction are not followed in this state and it "has been many years since the technicalities of real estate conveyancing have been much regarded here." *Newmarket Mfg. Co.* v. *Nottingham,* 86 N. H. 321, 324. This viewpoint is reflected in part in the title examination standards adopted by our Bar Association. Thus it is provided in B-10 as follows: "A deed by 'A' to 'A' and 'B' as joint tenants, will create a joint tenancy." 9 Proc. Bar Assoc. of N. H. (new series no. 3) *p.* 16 (1954).

The phraseology used in various parts of this deed is not the work of an expert in conveyancing but we do not penalize the parties if their expressed intent is reasonably ascertainable. *North Hampton District* v. *Society,* 97 N. H. 219, 220; *Mulvanity* v. *Nute,* 95 N. H. 526. In *Gagnon* v. *Pronovost,* 96 N. H. 154, it was held that a joint tenancy was not created where the only phrase so indicating was "and to the survivors of them" in the consideration clause. In that case the words "joint tenants" were not used anywhere in the deed and there was no other wording in the deed indicative of a joint tenancy estate. In the present case, however, it was stated that the consideration was paid by the Allaires "as joint tenants, or survivor." This is not an unusual situation as one experienced title examiner pointed out in discussing the pitfalls of joint tenancy before the Bar Association. See Prugh, Real Estate, 41, 48, 49 in 9 Proc. Bar Assoc. of N. H. (new series no. 1, 1950), as follows: "I have seen hundreds of deeds, drawn by lawyers, where the only reference to joint tenancy is in the consideration clause, and it would appear that our court has not ruled out the possibility that such deeds do create valid joint tenancies."

It appears reasonably clear that the draftsman in this case did not intend to create a tenancy in common when he used the words "joint tenants" and when he used the word "survivor" and it is likewise clear that he did not intend that the grant was to be to the husband only since both the names of the husband and wife are used in all but one instance in the deed. A construction in favor of joint tenancy is supported by the decisions in this state as well as the prevailing decisions elsewhere. 4 Powell, Real Property, *s.* 616 (1954); *Coffin* v. *Short,* 82 R. I. 132. II American Law of Property, *s.* 6.3, *p.* 14 (1952); 1 Patton, Titles (2d *ed.* 1957) *s.* 236, *p.* 626; anno. 46 A.L.R. 2d 523.

The probate court is advised that the deed to the Allaires created an effective joint tenancy and that the widow as survivor is

entitled to the whole of the net proceeds from the sale of the real estate.

*Remanded.*

All concurred.