Request of the Senate
No. 7223

OPINION OF THE JUSTICES

May 28, 1975

The following resolution was adopted by the senate on May 22, 1975, and filed in this court on May 23, 1975:

"Whereas, the Senate has before it for action House Bill No. 672, An Act relative to limited estates; and

"Whereas, said bill states that no express devise or conveyance of an estate for life or other limited estate shall be enlarged or construed to pass any greater estate, by reason of any devise or conveyance to the heirs or issue of such person; now, therefore, be it

"Resolved by the Senate;

"That the Justices of the Supreme Court are respectfully requested to give their opinion upon the following question:

"Are the provisions of House Bill No. 672 necessary to effectively eliminate the effect of the rule in Shelley's case in this state?

"That the President of the Senate transmit ten copies of this resolution and ten copies of House Bill No. 672 to the Clerk of the Supreme Court for consideration."

The following answer was returned:

*To the Honorable Senate:*

The undersigned justices of the supreme court return the following answer to the question contained in your resolution of May 22, 1975, and filed in this court on May 23, 1975.

Your question relates to House bill 672 which would amend RSA 551:8 by adding the words "or conveyance" after the word "devise" where it appears in the statute so that the statute will read as follows: "No express devise or conveyance of an estate

for life or other limited estate shall be enlarged or construed to pass any greater estate, by reason of any devise or conveyance to the heirs or issue of such person."

The question submitted to this court is: "Are the provisions of House Bill No. 672 necessary to effectively eliminate the effect of the rule in Shelley's case in this state?"

Whether the question submitted requires an answer under N.H. CONST. pt. II, art. 74 may be doubtful. *See Opinion of the Justices,* 95 N.H. 557, 66 A.2d 76 (1949). However, inasmuch as the legislative session is in its closing days, we return an answer, but this opinion will not be a precedent for similar questions that may be submitted in the future under article 74.

The medieval reasons for the Rule in Shelley's Case, decided in 1581, are no longer applicable. *See* 28 Am. Jur. 2d *Estates* § 104, at 214 (1966). "No problem in present American law depends, for its solution, upon the policy considerations which functioned in the English history of the Rule." 3 R. Powell, Real Property § 378, at 284 (1970). It has been abolished by statute or common law in most jurisdictions. Annot., 99 A.L.R.2d 1161 (1965). In *Crockett v. Robinson,* 46 N.H. 454 (1866), where the Rule in Shelley's Case was applied, the court noted that the result was "contrary to the intention of the testator". *Id.* at 462.

We have no case in this State in which the Rule in Shelley's Case has been applied since the *Crockett* case. Doubt was expressed in *Cloutman v. Bailey,* 62 N.H. 44 (1882), as to whether this Rule had been adopted in this State, and its viability as applied to an estate created by conveyance is at least questionable in view of the language of RSA 477:24 and the emphasis which our cases place on the intention of the grantor as expressed in a deed, in order to determine the estate created. *In re Allaire Estate,* 103 N.H. 318, 171 A.2d 191 (1961).

Without determining whether the Rule in Shelley's Case is now a part of our common law, our answer to your question is limited to statutory law. It is our opinion that the provisions of House bill 672 would be effective to eliminate by statute the effect of the Rule in Shelley's Case.

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH